NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PORT DRIVERS FEDERATION 18, INC., ET AL, <br><br> Plaintiffs, <br><br> v. <br><br> ALL SAINTS EXPRESS, INC., ET AL, <br><br> Defendants. | **OPINION** <br><br> Civ. No. 09-0868 (WHW) |

**Walls, Senior District Judge**

All Saints Express, Inc. and St. George Warehouse, Inc. ("Defendants") move under Rule 12(b)(6), Fed. R. Civ. P. 12(b)(6), to dismiss the Complaint filed by Port Drivers Federation 18, Inc., Florencio Hernandez, Julian Hernandez, Jose Landa, Nelson Rodriguez, and Juan Marte ("Plaintiffs"). Pursuant to Rule 78, Fed. R. Civ. P. 78, the Court decides Defendants' motion without oral argument. Defendants' motion is denied.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs are independent owners and operators of trucks who lease their trucking equipment and driving services to motor carriers that are authorized by the U.S. Department of Transportation ("DOT").[1] All Saints Express, Inc. ("All Saints") is a Delaware corporation with

---

[1] Plaintiffs state that Port Drivers Federation 18, Inc. is acting "in a representative capacity on behalf of its members who operate under lease to the Defendant," its members being

**NOT FOR PUBLICATION**

a place of business in New Jersey, and is a DOT authorized motor carrier. Between 2004 and 2008, Plaintiffs entered into "Independent Contract(or) Agreement[s]"with All Saints, under which they agreed to lease their equipment and services to All Saints for the purpose of transporting property.

Plaintiffs allege that, as DOT authorized motor carriers, All Saints and its alter-ego, St. George Warehouse ("St. George"), are subject to the federal Truth in Leasing Regulations ("the Regulations"), 49 C.F.R. §§ 376.1, et. seq. Plaintiffs allege that the agreements entered into between Plaintiffs and Defendants are "leases" under the agreements, with Plaintiffs being the "lessors" of equipment and services and Defendants being the "lessees." Plaintiffs allege that the leases violate the Regulations because they fail to include required information, such as the amount of the lessors' compensation, the duration of the lease, and information regarding "charge-backs," i.e., the items that will be initially paid for by lessees but ultimately deducted from lessors' compensation.

Under 49 U.S.C. § 14704, any person may "bring a civil action for injunctive relief for violations of sections 14102 and 14103," the sections under which the Regulations are promulgated. 49 U.S.C. § 14704(a)(1). Pursuant to this statutory provision, Plaintiffs seek (i) a declaratory judgment finding that the agreements in question are leases that violate the

---

the other named Plaintiffs. Although Defendants do not raise the issue, the Court notes that, under Int'l Union, United Auto., Aerospace and Agric. Implement Workers of Am. v. Brock, 477 U.S. 274 (1986), an association such as Port Drivers Federation 18, Inc. has standing to sue on behalf of its members and is a proper plaintiff because "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." Id. at 282.

**NOT FOR PUBLICATION**

Regulations, (ii) an injunction prohibiting All Saints from performing transportation requiring DOT authorization until it enters into lease agreements meeting the requirements of the Regulations, (iii) an injunction compelling All Saints to disclose documents as required by the Regulations, (iv) an injunction preventing All Saints from engaging in retaliation or harassment against Plaintiffs, and (v) an award of attorneys' fees and expenses.

Defendants move to dismiss Plaintiffs' Complaint under Rule12(b)(6), Fed. R. Civ. P. 12(b)(6), arguing that, despite its status as a DOT authorized motor carrier, All Saints is not subject to the Regulations because it is exempt under the primary business and/or corporate families exemptions to the Regulations, and that Plaintiffs have therefore failed to state a claim upon which relief can be granted.

**LEGAL STANDARD**

On a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the court is required to "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Broadcom Corp. v. Qualcomm Inc., 501 F.3d 297, 306 (3d Cir. 2007). However, "a pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007)). "Once a claim has been stated

**NOT FOR PUBLICATION**

adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Twombly at 546.  Thus, "a district court weighing a motion to dismiss asks 'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" Twombly at 563 n.8 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

In considering the plaintiff's claims, the Court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint.  See Sentinel Trust Co. v. Universal Bonding Ins. Co., 316 F.3d 213, 216 (3d Cir. 2003); Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1357 at 299 (2d ed. 1990).  "A 'document integral to or explicitly relied on in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'" Mele v. Fed. Reserve Bank of N.Y., 359 F.3d 251, 255 n.5 (3d Cir. 2004) (citing In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997)).

**DISCUSSION**

*Applicability of Regulatory Framework*

Under Title 49 of the U.S. Code, the federal government is charged with overseeing modes of interstate transportation, including transportation by motor carrier, and the Secretary of Transportation is charged with carrying out this oversight.  49 U.S.C. §§ 13101, 13301.  Motor carriers are required to receive operating authority from the Secretary before engaging in interstate motor transportation for hire, and the Secretary is empowered to regulate agreements entered into by motor carriers.  49 U.S.C. §§ 13901-2, 14102.  See also Swift at 1110.  Pursuant

**NOT FOR PUBLICATION**

to these statutory grants of authority, the Secretary promulgated the Truth in Leasing Regulations ("the Regulations"), 49 C.F.R. §§ 376.1, et. seq, which govern the agreements between motor carriers and the independent owner-operators of trucks who the carriers hire to transport goods. "A primary goal of this regulatory scheme is to prevent large carriers from taking advantage of individual owner-operators due to their weak bargaining position." Swift at 1110. Accordingly, the Regulations require an authorized carrier leasing trucking equipment and driving services from an owner-operator to enter into a written lease with the owner-operator, and require the leases to contain certain provisions. 49 C.F.R. §§ 376.11, 376.12. If a carrier fails to meet these requirements, owner-operators may seek damages and equitable relief under 49 U.S.C. § 14704. Swift at 1110.

      Plaintiffs allege that All Saints is a DOT authorized and registered motor carrier and therefore subject to the relevant statutes and the Regulations. (Compl. ¶ 1, 16.) Defendants concede that All Saints is an authorized and registered motor carrier (Def. Br. 1), but argue that All Saints is exempt from this regulatory framework because it comes within the primary business exemption and/or the corporate families exemption found in the statutes.[2] Leaving aside the fact that All Saints has registered itself under a statutory and regulatory regime from which it now claims exemption,[3] the Court rejects both these arguments at this time.

---

    [2] The Court notes that its analysis and evaluation of Defendants' motion have been burdened by Defendants' failure to provide thorough, well-researched, and cogent briefing in support of their motion.

    [3] Registration of authorized motor carriers is required by 49 U.S.C. §§ 13901-13902; 49 C.F.R. § 365.101. Although Defendants dismiss the significance of this registration, stating that "[Plaintiffs] look at All Saints' DOT filing as a motor property contract carrier as if such a

NOT FOR PUBLICATION

First, Defendants maintain that All Saints and/or St. George is exempt under the "primary business" exemption of Title 49 because warehousing, not transportation, is its primary business. (Def. Br. 2-3; Def. Reply 2, 4-5.).  The primary business exemption provides:

> (a) In general.– Neither the Secretary nor the Board has jurisdiction under this part over the transportation of property by motor vehicle when–
> (1) the property is transported by a person engaged in a business other than transportation; and
> (2) the transportation is within the scope of, and furthers a primary business (other than transportation) of the person.

49 U.S.C. § 13505.  The allegations in Plaintiffs' Complaint (Compl ¶¶ 1, 8-17) and the agreement attached to Plaintiffs' Complaint (Compl. Ex. A) suggest that Plaintiffs can prove facts to support a conclusion that All Saints' and St. George's primary business is transportation, and that they are therefore subject to the statutes and the Regulations.

Second, Defendants maintain that All Saints is exempt under the "corporate families" exemption of 49 U.S.C. § 13505(b) because it is a wholly owned subsidiary of St. George and it provides transportation services only for the benefit of its corporate parent, St. George.  (Def. Br. 1, 3-4; Def. Reply 3, 5.)  The corporate families exemption reads: "Neither the Secretary nor the Board has jurisdiction under this part over transportation of property by motor vehicle for compensation provided by a person who is a member of a corporate family for other members of

---

designation precludes exemption under the statute" (Def. Reply 4), such registration is indicative of a motor carrier's own perception that it is subject to the statutory and regulatory framework, rather than exempt from it.  If a person or entity did not consider itself to be an authorized motor carrier subject to regulation, it presumably would not register with the DOT.  <u>Syracuse Plastics, Inc. v. Guy M. Turner, Inc.</u>, 959 F. Supp. 147, 149 (N.D.N.Y. 1997) ("In the instant case, defendant registered with the [Interstate Commerce Commission, the predecessor to the DOT] as an interstate motor carrier... Clearly the defendant considers itself to fall within the coverage of the [Motor Carrier] Act.").

NOT FOR PUBLICATION

such corporate family." 49 U.S.C. § 13505(b)(1). The allegations in Plaintiffs' Complaint (Compl ¶¶ 1, 8-17) and the agreement attached to Plaintiffs' Complaint (Compl. Ex. A) suggest that Plaintiffs can also prove facts to support a conclusion that All Saints provides transportation services to parties other than St. George, and that it is therefore subject to the statutes and the Regulations.

*Violation of Regulations*

Plaintiffs allege that the "Independent Contract(or) Agreement[s]" entered into between Defendants and Plaintiffs Florencio Hernandez, Julian Hernandez, Jose Landa, Nelson Rodriguez, and Juan Marte are identical in all material respects to the agreement between Florencio Hernandez and All Saints, which is attached to the Complaint as Exhibit A.[4] (Compl. ¶¶ 8-12.)  Plaintiffs allege that these agreements are leases that violate the Regulations because (i) they do not inform lessors of the amount of their compensation, in violation of the compensation provision of 49 C.F.R. § 376.12(d); (ii) they do not permit the lessors to examine the lessee's documents relating to compensation, in violation of the compensation documentation provision of 49 C.F.R. § 376.12(g); (iii) they do not contain terms specifying the duration of the lease, in violation of 49 C.F.R. § 376.12(b); (iv) they do not specify that the lessee is required to

---

[4] The Court considers this agreement, which is integral to the Complaint and explicitly relied on in the Complaint. However, the Court does not consider the declarations attached to Defendants' Memoranda of Law in support of its Motion to Dismiss or the additional facts alleged in Plaintiffs' Memorandum of Law in opposition to the Motion.  These materials are inappropriate for consideration in the context of a Motion to Dismiss, which requires the Court to accept as true all factual allegations in the Complaint.  Moreover, consideration of such matters outside the pleadings would, under Rule 12(d), convert a Rule 12(b)(6) Motion to Dismiss into a Rule 56 Motion for Summary Judgment, a conversion which the Court is disinclined to make because it has not directed the parties to brief in preparation for summary judgment.

**NOT FOR PUBLICATION**

provide the lessors with copies of insurance policies for the leased equipment, in violation of the insurance documentation provision of 49 C.F.R. § 376.12(j)(2); and (v) they do not clearly specify all items to be initially paid for by the lessee but ultimately deducted from the lessor's compensation, in violation of the charge-back provision of 49 C.F.R. § 376.12(h).

Plaintiffs' claims regarding the terms of the agreements are supported by the representative agreement attached to the Complaint, and each of Plaintiffs' allegations of regulatory violations, if proved, would be sufficient to entitle Plaintiffs to relief under 49 U.S.C. § 14704.

**CONCLUSION**

Accepting as true the allegations in Plaintiffs' Complaint, and construing the Complaint in the light most favorable to Plaintiff, the Court finds that Plaintiffs can demonstrate facts to support the conclusion that Defendants are subject to, and are in violation of, the Truth in Leasing Regulations, and that Plaintiffs are entitled to relief from these violations.  Plaintiffs have stated a claim upon which relief can be granted.

It is on this 28th day of September, 2009:

ORDERED that Defendants' Motion to Dismiss Plaintiffs' Complaint for Failure to State a Claim Upon Which Relief Can Be Granted is DENIED.

**s/ William H. Walls**
United States Senior District Judge
