**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| PORT DRIVERS FEDERATION 18, INC., ET AL, | : |
| | : |
| Plaintiffs, | : **OPINION** |
| | : |
| v. | : Civ. No. 09-0868 (WHW) |
| | : |
| ALL SAINTS EXPRESS, INC., ET AL, | : |
| | : |
| Defendants. | : |

**Walls, Senior District Judge**

Plaintiffs Port Drivers Federation 18, Inc., Florencio Hernandez, Julian Hernandez, Jose Landa, Nelson Rodriguez, and Juan Marte ("Plaintiffs") move for an order to show cause why a preliminary injunction should not issue. Plaintiffs also move for an order advancing and consolidating trial on the merits with a hearing on the motion for a preliminary injunction. Defendants All Saints Express, Inc. and St. George Warehouse, Inc. ("Defendants") oppose Plaintiffs' motions. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, the Court decides the motions without oral argument. Plaintiffs' motions are denied.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs are independent owners and operators of trucks who lease their trucking equipment and driving services to motor carriers that are authorized by the U.S. Department of

NOT FOR PUBLICATION

Transportation ("DOT").[1]  Defendant All Saints Express, Inc. ("All Saints") is a Delaware corporation with its primary place of business in New Jersey and is a DOT authorized motor carrier.  Plaintiffs allege that Defendant St. George Warehouse, Inc. ("St. George") is an alter-ego of All Saints.  Between 2004 and 2008, Plaintiffs entered into "Independent Contract(or) Agreement[s]"with All Saints, under which they agreed to lease their equipment and services to All Saints for the purpose of transporting property.

On February 25, 2009 Plaintiffs filed a Complaint for Declaratory and Injunctive Relief against Defendants.  Plaintiffs allege that, as DOT authorized motor carriers, All Saints and its alter-ego, St. George Warehouse ("St. George"), are subject to the federal Truth in Leasing Regulations ("the Regulations"), 49 C.F.R. §§ 376.1, et. seq.  Plaintiffs allege that the agreements entered into between Plaintiffs and Defendants are "leases" under the Regulations, with Plaintiffs being the "lessors" of equipment and services and Defendants being the "lessees." Plaintiffs allege that the leases violate the Regulations because they fail to include required information, such as the amount of the lessors' compensation, the duration of the lease, and information regarding "charge-backs," i.e., the items that will be initially paid for by lessees but ultimately deducted from lessors' compensation.

---

[1] Plaintiffs state that Port Drivers Federation 18, Inc. is acting "in a representative capacity on behalf of its members who operate under lease to the Defendant," its members being the other named Plaintiffs.  Although Defendants do not raise the issue, the Court notes that, under Int'l Union, United Auto., Aerospace and Agric. Implement Workers of Am. v. Brock, 477 U.S. 274 (1986), an association such as Port Drivers Federation 18, Inc. has standing to sue on behalf of its members and is a proper plaintiff because "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit."  Id. at 282.

NOT FOR PUBLICATION

Plaintiffs seek relief under 49 U.S.C. § 14704, which allows any person to "bring a civil action for injunctive relief for violations of sections 14102 and 14103," the sections under which the Regulations are promulgated. 49 U.S.C. § 14704(a)(1). Specifically, Plaintiffs seek (i) a declaratory judgment finding that the agreements in question are leases that violate the Regulations, (ii) an injunction prohibiting All Saints from performing transportation requiring DOT authorization until it enters into lease agreements meeting the requirements of the Regulations, (iii) an injunction compelling All Saints to disclose documents as required by the Regulations, (iv) an injunction preventing All Saints from engaging in retaliation or harassment against Plaintiffs, and (v) an award of attorneys' fees and expenses.

On March 13, 2009, Plaintiffs filed a Motion for an Order Requiring Defendants to Show Cause Why a Preliminary Injunction Should Not Issue. Plaintiffs sought a preliminary injunction (i) prohibiting All Saints from performing transportation requiring DOT authorization until it enters into written lease agreements with Plaintiffs that meet the requirements of the Regulations, (ii) compelling All Saints to provide, as required by the Regulations, documents from which its rates and charges are computed, certificates of insurance, and insurance policies, and (iii) restraining Defendants from "further acts of harassment and retaliation" against owner-operator drivers currently under lease at All Saints.

On April 17, 2009, Defendants filed a Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim Upon Which Relief Can Be Granted. Defendants also opposed Plaintiff's preliminary injunction motion. On July 17, 2009, the case was referred to mediation. Mediation was unsuccessful, and on August 25, 2009, Plaintiffs filed a Motion for Entry of an

**NOT FOR PUBLICATION**

Order Pursuant to Federal Rule of Civil Procedure 65(a)(2) Advancing and Consolidating Trial

on the Merits with a Hearing on Plaintiffs' Motion for a Preliminary Injunction.

On September 28, 2009, this Court issued an opinion and order denying Defendants'

Motion to Dismiss.  Plaintiffs' motion for an order to show cause and Plaintiffs' motion under

Rule 65(a)(2) are now pending before this Court.

**LEGAL STANDARD**

A preliminary injunction is an "extraordinary remedy, which should be granted only in

limited circumstances."  Kos Pharmaceuticals, Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir.

2004).  Courts in this Circuit will grant a preliminary inunction only when the party seeking the

injunction shows that: "(1) it has a likelihood of success on the merits, (2) it will suffer

irreparable harm if the injunction is denied, (3) granting preliminary relief will not result in even

greater harm to the nonmoving party, and (4) the public interest favors such relief."  Rogers v.

Corbett, 468 F.3d 188, 192 (3d Cir. 2006) (citation omitted).  See also S & R Corp. v. Jiffy Lube

Int'l, Inc., 968 F.2d 371, 374 (3d Cir. 1992) (citations omitted); Instant Air Freight Co. v. C. F.

Air Freight, Inc., 882 F.2d 797, 800 (3d Cir. 1989); SI Handling Systems, Inc. v. Heisley, 753

F.2d 1244, 1254, 1263 (3d Cir. 1985).  "All four factors should favor preliminary relief before

the injunction will issue."  S&R Corp., 968 F.2d at 375.  Furthermore, "[w]hen the preliminary

injunction is directed not merely at preserving the status quo but [] at providing mandatory relief,

the burden on the moving party is particularly heavy."  Punnett v. Carter, 621 F.2d 578, 582 (3d

Cir. 1980).

NOT FOR PUBLICATION

In order to prove irreparable harm, the moving party "must 'demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following trial.'" <u>Acierno v. New Castle County</u>, 40 F.3d 645, 653 (3d Cir.1994) (citation omitted). Economic loss "does not constitute irreparable harm." <u>Id.</u> Moreover, "the injury created by a failure to issue the requested injunction must 'be of a peculiar nature, so that compensation in money cannot atone for it.'" <u>Id.</u> In addition, the claimed injury cannot merely be possible, speculative or remote:

> [M]ore than a risk of irreparable harm must be demonstrated. The requisite for injunctive relief has been characterized as a "clear showing of immediate irreparable injury," or a "presently existing actual threat;" [an injunction] may not be used simply to eliminate a possibility of a remote future injury.

<u>Acierno</u>, 40 F.3d at 655 (citations omitted).

**DISCUSSION**

Plaintiffs claim that they are entitled to injunctive relief because all four factors of the test favor preliminary relief. While it is quite possible that the Plaintiffs will prevail on the merits at trial, that the balance of harms weighs in their favor, and that the public interest – as illustrated by the statutory and regulatory scheme at issue – favors an injunction, the Court need not reach these issues because Plaintiffs have not shown that they will suffer irreparable harm.

First, Plaintiffs entered into contracts with All Saints between 2004 and 2008, and they allege that the terms of these contracts have violated the Regulations from the outset. Had these alleged violations presented a "presently existing actual threat" of "immediate irreparably injury" to Plaintiffs, Plaintiffs presumably would have brought suit in a more timely fashion; in the case of Plaintiff Julian Hernandez, for instance, suit was brought nearly five years after he entered into an agreement with All Saints. This delay suggests that Plaintiffs are dealing not with the threat

**NOT FOR PUBLICATION**

of immediate irreparable injury, but rather with ongoing violations that may be adequately remedied after trial.

      Second, Plaintiffs are seeking relief from contracts entered into for business purposes. Although the contracts may be in violation of the Regulations, and although Plaintiffs may be statutorily entitled to *final* injunctive relief to prevent future violations, the relief they seek is primarily of an economic nature, as they are demanding contract changes that will ensure the fairness of their employment conditions and compensation.  This suggests that Plaintiffs are dealing not with harm of a "peculiar nature" such that "compensation in money cannot atone for it," but rather with harm that may be adequately remedied with a monetary damages award after trial and/or with a final injunction after trial.

      Plaintiffs' contention that they are not required to show irreparable harm is without merit. Plaintiffs contend that no showing of irreparable harm is required when a moving party is seeking to prevent violation of a federal statute that authorizes injunctive relief, referring to Waterfront Commission of New York Harbor v. Construction and Marine Equipment Co., Inc., 928 F. Supp. 1388 (D.N.J. 1996), and ICC v. Falcon Motor Coach Co., No. 90 C 5788, 1990 WL 156610 (N.D. Ill. Oct. 5, 1990).  However, in Waterfront Commission, this Court found that showings of irreparable harm and inadequacy of monetary relief were unnecessary because the Waterfront Commission – a statutory entity created by a congressionally approved compact between New York and New Jersey –  was seeking a preliminary injunction to prevent conduct prohibited by the compact.  Id. at 1399.  By contrast, the Court specifically noted that private litigants are still required to show irreparable harm to obtain preliminary injunctions.  Id.

**NOT FOR PUBLICATION**

Similarly, the court in <u>ICC v. Falcon Motor Coach</u> held that the Interstate Commerce
Commission ("ICC") – a statutory entity created by Congress – was not required to show
irreparable harm in order to obtain a preliminary injunction under 49 U.S.C. § 11702,(a), "which
authorizes the ICC to file civil actions to enforce the terms of the Interstate Commerce Act and
ICC regulations." <u>Id.</u> at *4.  Because Plaintiffs in this case are private litigants rather than
statutory entities, they are required to show irreparable harm – notwithstanding the fact that they
are attempting to enforce the provisions of a statutory and regulatory regime.

      Because Plaintiffs have not made the requisite showing of a "presently existing actual
threat" of "immediate irreparable injury" – injury that is of such a "peculiar nature" that
"compensation in money cannot atone for it" – they cannot demonstrate that all four factors of
the Third Circuit test weigh in favor of relief, and their request for a preliminary injunction must
be denied.  Because their request for a preliminary injunction is denied without a hearing, their
motion under Rule 65(a)(2) to consolidate trial with a hearing on the preliminary injunction
motion is also denied.

**CONCLUSION**

      Plaintiffs' Motion for an Order Requiring Defendants to Show Cause Why a Preliminary
Injunction Should Not Issue and Plaintiffs' Motion for Entry of an Order Pursuant to Federal
Rule of Civil Procedure 65(a)(2) Advancing and Consolidating Trial on the Merits with a
Hearing on Plaintiffs' Motion for a Preliminary Injunction are DENIED.

 

                              **s/ William H. Walls**
                              United States Senior District Judge